**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
jwhitefleet@porterscott.com
Matthew R. Mendoza, SBN 344482
mmendoza@porterscott.com
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
COUNTY OF SACRAMENTO, SCOTT JONES and GRANT NUGENT
*Exempt from Filing Fees Pursuant to Government Code § 6103*

UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CASSELLS, | CASE NO.  2:22-cv-01647-CKD |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | Complaint Filed:  9/19/2022 |
| COUNTY OF SACRAMENTO, SCOTT JONES, Sheriff of County of Sacramento, and GRANT NUGENT, Sacramento County Jail Physician, | |
| Defendants. | |
| _____ / | |

**STIPULATION**

The parties hereby stipulate and agree as follows:

**1.    DOCUMENTS.**  The following documents are protected Materials and shall not be used for any purpose other than this litigation:

       (a)    all medical records, for Plaintiff while at the Sacramento County Main Jail;

       (b)    all mental health records, for Plaintiff while at the Sacramento County Main Jail;

       (c)    all mental health records, for Plaintiff while at the Sacramento County Main Jail in possession of the University of California Davis;

  (d) all medical records, for Plaintiff while at Coalinga State Hospital; and

  (e) all mental health records, for Plaintiff while at Coalinga State Hospital.

## STIPULATION AND PROTECTIVE ORDER

The Parties submit this proposed Protective Order, pursuant to Fed. R. Civ. P. 26(c), to resolve certain disputes related to the production of documents. Plaintiff asserts that the following categories of documents will be designated as "Confidential" and protected by the terms herein:

1. all medical records, for Plaintiff while at the Sacramento County Main Jail;
2. all mental health records, for Plaintiff while at the Sacramento County Main Jail in possession of the University of California Davis;
3. all medical records, for Plaintiff while at Coalinga State Hospital; and
4. all mental health records, for Plaintiff while at Coalinga State Hospital.

**A. DEFINITIONS**

The following definitions shall apply to this Protective Order:

1. The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the Action and from any other action consolidated at any time under the above-captioned matter, through final judgment.

2. "Documents" or "Confidential Documents" shall mean the Documents that Defendants designate as "Confidential" in the manner set forth in this Protective Order.

3. "Confidential" shall mean information designated "Confidential" pursuant to this Protective Order. Information designated "Confidential" shall be information that is determined in good faith by the attorneys representing the Designating Party to be subject to protection pursuant to Fed. R. Civ. P. 26(c). Confidential Documents, material, and/or information shall be used solely for purposes of litigation. Confidential Information shall not be used by the non-Designating Party for any business or other purpose, unless agreed to in writing by all Parties to this action or as authorized by further order of the Court.

4. "Defendants" shall mean DEFENDANTS COUNTY OF SACRAMENTO, SCOTT JONES, and GRANT NUGENT.

5. "Plaintiffs" shall mean ANTHONY CASSELLS.

6. "Parties" shall mean Plaintiffs and Defendants, identified above.

**B. TERMS OF THE PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by, among and between the below-signed parties, that the Confidential Documents may be designated as "Confidential" and produced subject to the following Protective Order:

1. (a) all medical records, for Plaintiff while at the Sacramento County Main Jail;

   (b) all mental health records, for Plaintiff while at the Sacramento County Main Jail in possession of the University of California Davis;

   (c) all medical records, for Plaintiff while at Coalinga State Hospital; and

   (d) all mental health records, for Plaintiff while at Coalinga State Hospital.

These documents shall be affixed the word "CONFIDENTIAL" on each qualifying page, at or near the location of the Bates stamp, or in the case of native files, in the file name, and if not done so by the producing party for records produced by subpoena, shall be done so by receiving party.

2. The Confidential Documents shall be used solely in connection with the above captioned civil case, and in the preparation and trial of the case. The Parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

3. The Confidential Documents may only be disclosed to the following persons:

   (a) The Parties who have stipulated to this Proposed Protective Order and their attorneys;

   (b) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subpart (a) immediately above, including stenographic deposition reporters or videographers and/or interpreters retained in connection with this action;

   (c) Court personnel, including stenographic reporters or videographers and/or interpreters engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

   (d) Any expert, consultant, or investigator retained in connection with this action, however, such persons must be advised of and abide by this protective order;

   (e) The finder of facts at the time of trial, subject to the court's rulings on *in limine* motions and objections of counsel; and,

   (f) Witnesses during their depositions in this action. If confidential documents are used in

the deposition, the documents must be identified as "Confidential" and the portion of the deposition in which the documents are described should also be considered confidential. It will be the responsibility of the Designating Party to indicate the designation to the deposition reporter, either on the record, or if after the examination, in writing with the knowledge and consent of the Non-Designating Party.

4.  If a party seeks to file a Confidential Documents with any motion or other pleading, the parties shall meet and confer as to whether any portion of the document may be redacted to avoid filing under seal. If the parties cannot agree as to whether filing under seal of the document or any portion thereof is appropriate, the challenge procedures in Paragraph 7 shall be followed.

5.  Otherwise, a party may seek permission from the Court to file the Confidential Documents under seal according to E.D. Cal. L.R. 141. If permission is granted, the Confidential Documents will be filed and served in accordance with E.D. Cal. L.R. 141. If the Court denies the application to file under seal, then the documents may be filed publicly and will be deemed timely filed as of the date of the application to seal.

6.  The designation of the Confidential Documents as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the Confidential Documents or information contained therein. A party or non-party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge to any document designated as confidential in good faith. If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion for protective order pursuant to Fed. R. Civ. P. 26(c) and E.D. Cal. L.R. 251 within **thirty** days of the initial notice of challenge or within **seven** days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier, unless a different date is otherwise agreed to. Failure by the Designating Party to make such a timely motion shall automatically waive the "Confidential" designation for each challenged designation. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all

parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

8. Notwithstanding the provisions of Paragraph 3, the Confidential Documents and information contained therein may not be delivered, exhibited, or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization, including but not limited to radio and television media.

9. Should the Confidential Documents or any information contained therein be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform Plaintiff or if represented at the time of disclosure, counsel for Plaintiff, of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order.

10. The Confidential Documents shall not lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.

11. After the conclusion of this litigation, the Confidential Documents will remain confidential. "Conclusion" of this litigation means a termination of the case following a trial, settlement, or dismissal of the Action with prejudice for any other reason.

12. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. Upon termination of this litigation, the parties agree that CONFIDENTIAL documents shall be destroyed.

13. During the pendency of this lawsuit, the Court shall (a) make such amendments, modifications and additions to this Protective Order as it may deem appropriate upon good cause shown; and, (b) adjudicate any dispute arising under it.

/ / /

/ / /

**IT IS SO STIPULATED.**

Dated: April 17, 2023

PORTER SCOTT
A PROFESSIONAL CORPORATION

By /s/ John R. Whitefleet
    John R. Whitefleet
    Matthew R. Mendoza
    Attorneys for Defendants

Dated: _____

By _____
    Anthony Cassells
    Plaintiff

**ORDER**

Pursuant to Stipulation,

**IT IS SO ORDERED.**

Dated: April 17, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE